IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY EMMETT, <br> (TDCJ-CID #1383329) <br><br> Plaintiff, <br><br> vs. <br><br> TDCJ CORPORATION, *et al.*, <br><br> Defendants. | § § § § § § § § § § § CIVIL ACTION H-11-1008 |

## MEMORANDUM ON DISMISSAL

Barry Emmett, a Texas Department of Criminal Justice inmate, sued on March 10, 2011, alleging a denial of access to the courts. Emmett has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the court presumes that he seeks leave to proceed *in forma pauperis*. The threshold issue is whether Emmett's claims are barred by the three-strikes provision of 28 U.S.C. § 1915(g).

In his complaint, Emmett alleges that he was denied access to the courts while incarcerated at the Ellis Unit. He alleges that the defendants conspired to transfer him to the Coffield Unit in October 2010. Between October and December 2010, he was only allowed to go to the Coffield Unit law library twice. He was placed in administrative segregation from December 2010 to March 2011. He alleges that prison officials ignored his requests for legal materials to be brought to his cell. He also alleges that prison officials have failed to mail his personal and legal correspondence. Emmett seeks to file criminal charges against the defendants.

A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious

or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Emmett had at least three suits dismissed as frivolous. *Emmett v. Thaler*, 4:10-2748 (S.D. Tex.) (dismissed as frivolous on December 1, 2010); *Emmett v. Office of the Clerk of Court*, 7:10-0156 (N.D. Tex.) (dismissed as frivolous on November 2, 2010); and *Emmett v. Ebner*, 4:10-3611 (S.D. Tex.) (dismissed for failure to state a claim on October 7, 2010). Emmett has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Emmett is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Emmett's constructive motion to proceed *in forma pauperis*, (Docket Entry No. 1), is denied. His complaint is dismissed under 28 U.S.C. § 1915(g).[1] All pending motions are denied. Emmett's motion for extension of time to amend complaint, (Docket Entry No. 3), is denied as moot. Emmett is warned that continued frivolous filings may result in sanctions, including monetary sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P. O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on May 6, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge